UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| LISA LEE,<br><br>    **Plaintiff,**<br><br>v.<br><br>**DOCTOR'S ASSOCIATIONS, INC.**<br>**d/b/a SUBWAY RESTAURANTS,**<br><br>    **Defendant.** | CIVIL ACTION NO. 5:16-32-KKC<br><br><u>OPINION AND ORDER</u> |

*** *** ***

This matter is before the Court on the defendant's motion to dismiss this action or to stay it pending arbitration (DE 14) and the plaintiff's motion to amend her complaint (DE 16). For the following reasons, the plaintiff must arbitrate the claims that she asserts against the defendant in both the original and tendered amended complaints. Accordingly, the Court will dismiss this action.

## I. Background

The defendant ("Subway") is the owner of the Subway chain of sandwich shops. Subway franchises out the rights to operate individual Subway restaurants. (DE 1, Complaint, ¶ 23; DE 1-1, Contract, Recital § B.) It hires "development agents" who "provide a crucial link" between Subway and its franchisees. (DE 14-1, Mem. at 2.) Development agents advise and assist Subway's franchisees with a wide range of business issues including advertising and marketing, site selection, lease negotiation, restaurant openings, restaurant inspections, proper restaurant construction, proper equipment, and staffing. The development agents also agree to provide training to franchisees and to conduct monthly inspections of each restaurant in their territory.

The plaintiff's husband, David Lee, entered into various contracts with Subway, pursuant to which David agreed to serve as a development agent for Subway restaurants in various Kentucky counties. The most recent of these development agent agreements was in 2009. The plaintiff herself, Lisa Lee, is not a party to any agreement with Subway. Nevertheless, she filed this action alleging that Subway violated Kentucky laws and committed various torts with regard to the 2009 development agreement. She alleges that Subway violated the Kentucky Consumer Protection Act, KRS 367.110, *et seq*. and the Kentucky statute governing the sale of business opportunities, KRS 307.801, *et seq*. and that it committed fraud, tortiously interfered with a prospective economic advantage, and breached its fiduciary duty to her.

## II.     Motion to Amend Complaint (DE 16)

In its motion to dismiss, Subway argues that all of Lisa's claims must be arbitrated and, thus, the Court should either dismiss the action or stay it while the arbitration is pending. Lisa responded with a motion to amend her complaint. Although this Court should "freely give" a party leave to amend her complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), "[a] court need not grant leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

Subway argues that Lisa's proposed amendment is futile because, as with all the claims asserted in her original complaint, she must arbitrate all of the claims asserted

in the amended complaint. Subway points out that the development agreement provides that "[a]ny dispute arising out of or relating to this Agreement not settled by the parties through mediation shall be arbitrated." (DE 1-1, Contract, § 7.A.) There is no dispute that the claims asserted by Lisa in her amended complaint arise out of or relate the development agreement.

In Count I of the complaint, Lisa alleges that Subway violated the Kentucky Consumer Protection Act because the development agreement was actually an undisclosed franchise agreement but Subway failed to provide David or her with information that she alleges a franchisor is required by federal law to provide a franchisee. (DE 16-2, Amended Complaint, Count I, ¶¶10, 16, 34-38, 43-50.) With Count II of the complaint, Lisa alleges that Subway violated the Kentucky statute governing the sale of business opportunities because the development agreement constitutes the sale of a "business opportunity" but Subway failed to register as required under the act. (DE 16-2, Amended Complaint, Count II, ¶ 16.) With Count III of the complaint, Lisa alleges that Subway committed fraud and violated the Kentucky Consumer Protection Act by representing that the development agreement was not a franchise agreement and by prohibiting the Lees from transferring their rights under the agreement to another individual, Chintu Patel. (DE 16-2, Amended Complaint, Count III, ¶¶ 8 -9.) With Count IV of the complaint, Lisa alleges that Subway interfered with the Lees' attempt to transfer their interest in the development agreement to Patel. (See also DE 16-2, Amended Complaint, ¶¶ 6, 17-19, 54-66.) With Count V of the complaint, Lisa asserts that Subway violated the breach of implied faith and fair dealing contained in the development agreement.

While all of the claims clearly relate to the development agreement, Lisa argues that she is not bound by the arbitration provision contained in the agreement because she is not a party to it. Subway argues that she is estopped from making this argument because with her claims, she seeks benefits arising from the agreement. "[A] nonsignatory may be bound to an arbitration agreement under an estoppel theory when the nonsignatory seeks a *direct* benefit from the contract while disavowing the arbitration provision." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003). Lisa must allege a direct benefit from the development agreement. *MAG Portfolio Consult, GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58, 61 (2nd Cir. 2001). If so, then she should be bound by the agreement's arbitration provision. "This prevents a non-signatory from cherry-picking the provisions of a contract that it will benefit from and ignoring other provisions that don't benefit it or that it would prefer not to be governed by (such as an arbitration clause)." *Invista S.A.R.L. v.. Rhodia, S.A.*, 625 F.3d 75, 85 (3d Cir.2010).

Lisa claims that, even though she was not a signatory to the development agreement, everyone involved understood that she was, for all intents and purposes, a party to it just as much as her husband. She claims that Subway "forced" not just her husband but *her* into entering into the development agreement. (DE 16-2, Amended Complaint, ¶¶11-12.) She claims that, not just her husband, but *she* invested money, time, and effort in the development of Subway stores pursuant to the development agreement. (DE 16-2, Amended Complaint, ¶¶7, 9, 14, pp. 6-7 ¶¶ 22-30.) In fact, she argues that the agreement would have been signed by both David and her if not for the fact that Subway requires the development agreements to be with only an individual agent. (DE 16-2, Amended Complaint, p. 7 ¶ 23.) She claims that both

4

David and Subway expected her to fully participate in the obligations set forth in the agreement and that she did participate. (DE 16-2, Amended Complaint at 6 - 8, ¶¶ 23 -30, 40.)

Lisa claims that, just as she had certain obligations under the agreement, she also was entitled to certain direct benefits. She argues that, she was entitled to rely on a representation in the agreement that it did not constitute a franchise agreement. (DE 16-2, Amended Complaint, ¶¶ 35-38, Count I, ¶ 8.) She further argues that, despite the representation in the agreement to the contrary, the development agreement actually was a franchise agreement and, thus, she had a right to receive certain franchise disclosure documents. (DE 16-2, Amended Complaint, ¶ 34.) She alleges that she and David had a right to sell their rights and obligations under the agreement to Patel and that she was monetarily damaged because Subway refused to approve of the sale. (DE 16-2, Amended Complaint, ¶¶ 54, 61-62, 66, Count III, ¶4, Count IV.) Finally, Lee alleges that she had certain rights under the implied duty of good faith and fair dealing contained in the agreement and that, because Subway breached it, she is entitled to damages. (De 16-2, Amended Complaint, Count V.)

Lisa cannot assert these direct benefits from the agreement and ignore the arbitration provision. Accordingly, she is estopped from arguing that the arbitration provision does not apply to her. *See MAC Tools v. Diaz III*, No. 2:11-CV-940, 2012 WL 1409395, at *5-6 (S.D. Ohio 2012). Because all of the claims that Lisa asserts in the tendered amended complaint must be arbitrated, her proposed amendments are futile and her motion to amend her complaint will be denied.

**III. Subway's motion to dismiss (DE 14)**

With its motion to dismiss the original complaint, Subway argued that this action should be dismissed because all of the claims in the original complaint must also be arbitrated. With the original complaint, like the proposed amended one, Lisa asserts certain direct benefits from the development agreement. The only significant difference between the two complaints is that the amended complaint adds a claim for breach of the implied duty of good faith and fair dealing and it omits a claim for breach of fiduciary duty asserted in the original complaint.

With the original complaint, as with the amended one, Lisa claims that, even though she was not a signatory to the development agreement, pursuant to everyone's understanding, she was a de facto party to it. In the original complaint, Lisa claims that Subway forced not just her husband but *her* into entering into the development agreement. (DE 1, Complaint, ¶¶ 11-12.) She claims that *she* personally invested money, time, and effort in the development of Subway stores pursuant to the development agreement. (DE 1, Complaint, ¶¶7, 9, 14, 25-28, 34.) She claims that both David and Subway expected her to fully participate in the obligations set forth in the agreement and that she did participate in the obligations. (DE 16-1, Complaint, ¶¶ 27 -40, 44.)

And as with the amended complaint, in the original complaint Lisa claims that, in return for fulfilling certain obligations under the agreement, she was entitled to certain direct benefits. As with the amended complaint, she argues she was entitled to rely on the representation in the agreement that it did not constitute a franchise agreement and that, because it was a franchise agreement, she was entitled to receive franchise disclosure documents. (DE 1, Complaint, ¶ 10, 38-54, Count I.) She alleges that she and David had a right to sell their rights and obligations under the

agreement to Patel and that she was monetarily damaged because Subway refused to approve of the sale. (DE 1, Complaint, ¶¶ 58-69, Count III, ¶4, Count IV.) With the breach of fiduciary duty claim in the original complaint, Lisa also asserts that she was entitled to rely on the representation in the agreement that it did not create a joint venture. She further argues that, despite this representation, the agreement did in fact create a joint venture, pursuant to which Subway owed her a fiduciary duty that it breached. (DE 1, Complaint, Count V.)

Lisa cannot assert these direct benefits from the agreement and ignore the arbitration provision. Accordingly, she is estopped from arguing that the arbitration provision does not apply to her. Because all of the claims that Lisa asserts in the complaint must be arbitrated, her complaint will be dismissed.

In her response to the motion to dismiss, Lee argues that Subway has waived its right to compel Lisa to arbitrate her claims in this matter. She appears to assert that Subway waived its rights by refusing to make payments under the development agreement for more than two years without filing an arbitration claim against Lisa or David. (DE 15, Response at 5.) "There is a strong presumption in favor of arbitration and waiver of the right to arbitration is not to be lightly inferred." *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 355–56 (6th Cir.2003) (quoting *Cotton v. Slone*, 4 F.3d 176, 179 (2nd Cir.1993)(ellipsis deleted)).

In support of her argument, Lisa argues that this action contains "exactly the fact pattern" set forth in *O.J. Distributing, Inc.* In that case, however, the Court found that the defendant in a federal action had waived its right to demand arbitration because, throughout 15 months of negotiations with the plaintiff, the defendant denied the existence of any agreement – including the arbitration provision. *Id.* at

7

357. The defendant did not demand arbitration until after its default in the federal action had been entered. *Id*. at 358. Further, the agreement required that any arbitration must be commenced within 180 days after the events giving rise to the claim and the defendant did not demand arbitration until after this time had passed. *Id*. Thus, the defendant waited to demand arbitration until after the plaintiff was time-barred from asserting any arbitration claim. *Id*.

Here, there is no allegation that Subway denied the existence of the development agreement. Further, Subway demanded that Lisa's claims be arbitrated by filing a motion to dismiss just about a month after it was served with the complaint and, thus, Lisa has not been prejudiced by any delay in the arbitration demand.

The Court recognizes that it has granted Subway additional time to file a reply in support of its motion to dismiss. Nevertheless, Lisa does not raise any arguments in her response to the motion to dismiss that require further briefing.

Because all of the plaintiff's claims must be submitted to arbitration, dismissing this action is appropriate rather staying it pending the conclusion of the arbitration proceedings. *Hensel v. Cargill, Inc.*, No. 993199, 1999 WL 993775, at * 4 (6th Cir. 1999) (citing *Alford v. Dean Witter Reynolds Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir.1988)).

With its motion to dismiss, Subway also asks that the Court award it the attorneys' fees and expenses it incurred in this action. The development agreement provides that "if either party . . . commences action in any court, except to compel arbitration . . . then that party is in breach of this Agreement." (DE 1-1, Contract, ¶ 7F.) Subway argues that the agreement further requires the breaching party to pay

all attorneys' fees incurred by the non-breaching party as a result of the breach. The Court declines to award such fees here. The Court has not found that Lisa is an actual party to the development agreement, but only that she is estopped from arguing she is not bound by the arbitration clause.

**IV.     Conclusion**

For all these reasons, the Court hereby ORDERS as follows:

1) Lisa Lee's motion to amend her complaint (DE 16) is DENIED;

2) The defendant's motion to dismiss (DE 14) is GRANTED and this action is DISMISSED and STRICKEN from the Court's docket; and

3) Lisa Lee's motion for preliminary injunction (DE 20) is DENIED.

Dated December 16, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY